[Criminal No. 64.   Filed January 16, 1892.]

[29 Pac. 894.]

TERRITORY OF ARIZONA, Plaintiff and Respondent, v. WILLIAM YOUREE, Defendant and Appellant.

1. LARCENY—EVIDENCE—IMPEACHING WITNESS.—When a self-confessed accomplice had testified that the horse stolen was brought into camp by the brother of the accused, it was error for the trial court to refuse to permit the accused to ask the accomplice, "Did you not testify in the examining court that you really were the party that had taken the horse?"

2. EVIDENCE—RELEVANCY—ADMISSION AS TO PREVIOUS ARREST FOR OTHER CRIME.—Evidence of the admission of the defendant that he was arrested for robbing the government, and that it cost him a good deal of money to get out of it held irrelevant where it had no connection with the crime charged and reversible error as tending to prejudice the jury.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. James H. Wright, Judge.   Reversed.

The facts are stated in the opinion.

Wilson & Norris, and Herndon & Hawkins, for Appellant.

The admission of evidence in the trial of a criminal cause which is not in some way connected with, and tends to prove, the direct issue joined, and especially if it tends to prejudice the rights of the defendant who is upon trial, is reversible error.

Defendant is charged with the larceny of a certain horse. This is the only issue.   Statements of witness in regard to what one of the rodeo party said about the stealing of another horse are not legitimate, but damaging because of their tendency to incline the jury to conviction on general principles, whether the particular issue be proven or not.   See, 2 Bishop on Criminal Procedure, sec. 750; Wharton on Criminal Evidence, sec. 225; *Harris* v. *State,* 1 Tex. App. 74; *Davis* v. *State,* 37 Tex. 227; *State* v. *Stubbs,* 49 Iowa, 204, 205; *Bergen* v. *People,* 17 Ill. 427, 65 Am. Dec. 672.

That other offenses cannot be proven, see *Thomas* v. *People,* 67 N. Y. 222, 223.

William Herring, Attorney-General, and H. D. Ross, District Attorney, for the Territory

GOODING, C. J.—The record in this case discloses the fact that appellant was convicted of the crime of larceny—the theft of a horse—by the testimony of a self-confessed accomplice in the crime. If it can be said that there was corroborating evidence at all, it was of the most light and unsatisfactory character. This witness, Oliver Mathews, *alias* Moore, was, on his own statement, more active in the crime than the appellant, and outside of his evidence and the little and uncertain evidence of his brother, who had come from Texas to help him out of his trouble, there was no evidence whatever to connect the appellant with the crime charged in the indictment. We will only notice two of the errors apparent in the record.

1. The self-confessed accomplice, Mathews, *alias* Moore, had testified that the stolen horse was brought into camp by Joe Youree, the brother of the accused. He was asked the question, "Did you not testify in the examining court that you really were the party that had taken this horse?" Objection was made to this question, and the objection sustained, and exception taken. We think the witness should have been required to answer this question. If he did so testify before the examining court, his testimony there was materially different from his testimony on the trial. If he had denied so stating, the defendant might have proceeded to impeach his testimony by other witnesses after laying the proper foundation. If he had made contradictory statements, and had so admitted, or it had been proved by other witnesses, this fact, in connection with the discredit attaching to him as a confessed accomplice, might have entirely destroyed his evidence before the jury; and without his evidence there was nothing to sustain a verdict of guilty.

The other error apparent on the record was the evidence of the witness H. A. Owens, admitted over the objection of the defendant. This witness was permitted to testify that on his way to Harqua Hala he saw the defendant (appellant) camped out in the bushes. The following questions were put

and answers made : "Question. Was any one else camped there?
—Answer. Yes, sir; some Mexican teamsters.—Q. Which way
were you traveling at that time?—A. Out to Harqua Hala.—
Q. Which way was he traveling?—A. Towards Harqua Hala.
—Q. What did he say he was going for?—A. He did not say.
He said he was arrested down there for robbing the govern-
ment, and said it cost a good deal of money to get out of
it." The above answer, it is needless to say, was well calcu-
lated to prejudice the minds of the jury, and bear heavily
against the prisoner. It had no sort of connection with the
commission of the crime charged in the indictment. It is true
that it was not an admission that he was guilty of the crime of
robbing the government. But to say that such evidence would
not operate to the prejudice of the defendant would be to hold
that no irrelevant evidence could operate to the prejudice of
a person charged with crime. None of the evidence of this
witness had the slightest connection with the crime charged.
The defendant had no horses with him that the witness saw.
No allusion was made to the crime, nor was the conversation
near the scene of the crime, so far as the evidence shows. We
deem it unnecessary to consider the other errors complained
of. The judgment will be reversed, and a new trial granted.

Kibbey, J., and Sloan, J., concur.